### POSHKOFF v. BERNSTEIN et al.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

BILLS AND NOTES ☞365(1)—RIGHT OF "BONA FIDE HOLDER."

Where plaintiff cashed a check given for salary within reasonable time after it was delivered to the payee, without knowledge of any infirmity either in its inception or in its indorsement and transfer by the payee to the party who cashed it in payment of a gambling debt, the inception of the check having been valid, plaintiff could recover of the drawers as a "bona fide holder" for value before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 944, 958; Dec. Dig. ☞365(1).

For other definitions, see Words and Phrases, First and Second Series,. Bona Fide Holder.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

Action by Abraham Poshkoff against Albert H. Bernstein and others. From a judgment for defendants, plaintiff appeals. Judgment reversed, and judgment directed in favor of plaintiff.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Adolph Waxenbaum, of New York City, for appellant.

Joseph L. Lefkowitz, of New York City (Israel Brinkman, of New York City, of counsel), for respondents.

GUY, J. Plaintiff appeals from a judgment entered by direction of the court in favor of defendants, after a trial without a jury, in an action on a check drawn and given by defendants Albert H. Bernstein and John A. Bernstein, copartners, to the defendant Henry C. Danciger in payment of his salary as an employé of the drawers, and indorsed and delivered by Danciger to one Charles J. Bernstein, then indorsed and delivered by Bernstein to a brother of plaintiff, and cashed by plaintiff for his brother, Meyer Poshkoff.

The answer is a general denial, and sets up that the indorsement and transfer of the check to plaintiff was without legal consideration and was invalid; such indorsement and transfer being in payment of a gambling debt. The evidence was uncontradicted that the check had a valid inception, and the indorsement and transfer by the payee of the check, Danciger, was in payment of a gambling debt in which Meyer Poshkoff was jointly interested with Danciger. The evidence of the plaintiff was, however, uncontradicted that he cashed the check for full value within a reasonable time after it was delivered to the payee, without knowledge of any infirmity, either in its inception or in its indorsement and transfer to Bernstein and to Meyer Poshkoff.

The learned trial judge held that, as the check was transferred for an illegal consideration to Bernstein, plaintiff could derive no better title thereto than Bernstein, or the subsequent indorser, Meyer Poshkoff, plaintiff's assignor, and directed judgment in favor of defendants. In so doing the learned trial justice erred. On the evidence plaintiff was a bona fide holder of a negotiable instrument before maturity for value, without knowledge of any infirmity, either in its inception or transfer, and was entitled to the direction of a judgment in his favor.

The judgment must therefore be reversed, with $30 costs, and judgment directed in favor of plaintiff, with costs in the court below. All concur.